UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-6861-DMG (PJWx)** | Date | December 11, 2020 |
| Title | *Maria Elena Velez-Guerra v. Crescent Hotels & Resorts, LLC* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF MARIA ELENA VELEZ-GUERRA'S MOTION TO REMAND [10]**

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Maria Elena Velez-Guerra filed a Complaint against Defendant Crescent Hotels & Resorts, LLC on May 4, 2020 in Los Angeles County Superior Court, raising employment retaliation and disability discrimination claims under state law. [Doc. # 1-2.] Defendant filed an Answer in state court on July 29, 2020 and removed the action to this Court the next day, asserting diversity jurisdiction. Answer [Doc. # 1-3]; Notice of Removal [Doc. # 1].

Plaintiff filed the instant Motion to Remand ("MTR") on September 9, 2020. Plaintiff argues that the Court should remand the case because Defendant has not established that there is at least $75,000 in controversy in this action. MTR [Doc. # 10]. The MTR is fully briefed. Opp. [Doc. # 14]; Reply [Doc. # 16]. For the following reasons, the Court **DENIES** the MTR.

**II.
LEGAL STANDARD**

Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

If a plaintiff challenges jurisdiction after removal and the complaint itself does not specify a particular amount of damages, then the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-6861-DMG (PJWx) | Date | December 11, 2020 |
|---|---|---|---|
| Title | Maria Elena Velez-Guerra v. Crescent Hotels & Resorts, LLC | Page | 2 of 4 |

1996); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant cannot discharge this obligation by merely advancing "conclusory allegations." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Furthermore, "[a] complete lack of evidence does not satisfy this standard." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). Additionally, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction" such that there is a "strong presumption" against such jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

### III.
### DISCUSSION

Plaintiff seeks compensatory damages for past and future lost wages, emotional distress damages, punitive damages, and attorneys' fees. *See* Compl. Plaintiff argues that the Court should remand the action because Defendant has not met its burden to show by a preponderance of evidence that there is a sufficient amount in controversy to confer jurisdiction to this Court.[1] *See* MTR. Removing defendants may rely on the Complaint's allegations and discovery materials obtained in state court to demonstrate that there is enough in controversy to litigate in federal court. *Matheson*, 319 F.3d at 1090; 28 U.S.C. § 1446(c)(3).

**A.  Compensatory Damages**

Defendant avers, supported by a declaration from its Vice President of Human Resources, that Plaintiff earned an average of approximately $26,418 per year, or about $2,201 per month, during her employment with Defendant. Not. of Removal at ¶ 26; Miller Decl. at ¶ 4 [Doc. # 1-5]. Using an estimated trial date of one year after the notice of removal and assuming, as the Complaint alleges, that Plaintiff last worked for Defendant in December 2018, Defendant calculates a minimum of $66,030 in lost wages ($2,201 per month x 30 months). Compl. at ¶ 15; Opp. at 5.[2]

Plaintiff does not dispute Defendant's wage figures, but argues that her compensatory damages are limited by her mitigation efforts. MTR at 15. Plaintiff cites no authority for the proposition that mitigation of damages—a potential affirmative defense—factors into determining the amount in controversy for diversity jurisdiction. On the other hand, the Supreme

---

[1] The parties do not dispute that their citizenship is diverse.

[2] All page references herein are to page numbers inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-6861-DMG (PJWx)** | Date | December 11, 2020 |
|---|---|---|---|
| Title | *Maria Elena Velez-Guerra v. Crescent Hotels & Resorts, LLC* | Page | 3 of 4 |

Court has long established that a defendant's "valid defense, if asserted, to all or a portion of the claim . . . will not justify remand." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), *superseded by statute on other grounds as recognized in Villano ex rel. Villano v. Kohl's Dep't Stores, Inc.*, 362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005); *see also Jackson v. Compass Grp. USA, Inc*., No. CV19-4678-PSG (GJSx), 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) ("mitigation of damages is an affirmative defense, and . . . is therefore not relevant to the Court's determination of the amount in controversy"). Moreover, although Plaintiff states that she obtained substitute employment on or about June 2019, she fails to provide any evidence of how much she has earned from this employment. *See Dart Cherokee Basin Operating Co., LLC v Owens*, 574 U.S. 81, 84 (2014) ("both sides" are obligated to "submit proof" when the amount in controversy is challenged). Even if the Court could consider mitigation of damages at this stage, there is no amount to subtract from Plaintiff's potential lost wages.

Plaintiff also argues that the correct time period to calculate lost wages is from May 1, 2019, when she was told her position no longer existed, to July 30, 2020, the date of removal. Compl. at ¶ 17; MTR at 15. The Complaint alleges that Plaintiff last worked for Defendant in December 2018, although it does not allege when she was last *paid*. Because of the strong presumption against removal jurisdiction, the Court accepts, for purposes of deciding this MTR only, that Plaintiff's date is correct and calculates lost wages beginning on May 1, 2019.

Plaintiff cites *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), to argue that courts must determine the amount in controversy as of the date of removal. But the Ninth Circuit later clarified its holding in *Kroske*:

> We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). Accordingly, the Court considers the amount in controversy to include all the potential relief that is available to Plaintiff based on the complaint operative at the time of removal, not just damages incurred up to the date of removal. To calculate the potential back pay at stake, the Court will use a conservative trial date estimate of one year after removal, or July 30, 2021, without accounting for likely delays related to the COVID-19 pandemic. *See Beltran v. Procare Pharmacy, LLC*, No. CV 19-08819-ODW (RAOx), 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) ("When the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-6861-DMG (PJWx)** | Date | December 11, 2020 |
| Title | *Maria Elena Velez-Guerra v. Crescent Hotels & Resorts, LLC* | Page | 4 of 4 |

date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate."). Accordingly, the Court finds that a conservative estimate of the back pay at issue in this case is approximately $57,226 ($2,201 per month x 26 months).

### B. Emotional Distress Damages

In her Complaint, Plaintiff alleges that she suffered emotional distress damages "in an amount in excess of [the state] court's minimal jurisdiction." Compl. at ¶¶ 29, 41, 52, 63, 74, 86, 98, 110. The minimal jurisdictional amount for an unlimited civil case in California state court is $25,000. Cal. Civ. Proc. Code §§ 85, 88. Therefore, the Court finds that Plaintiff has alleged at least $25,000 in emotional distress damages.

\*   \*   \*

From just a conservative estimate of the lost wages through trial and the minimum amount of emotional distress damages alone, the Court can determine that the amount in controversy is at least $82,226. Because this amount exceeds the minimum amount for diversity jurisdiction, the Court need not address the parties' arguments pertaining to possible front pay, emotional distress damages in excess of $25,000,[3] punitive damages, or attorney's fees.

### IV.
### CONCLUSION

Based on the foregoing, Defendant has demonstrated that the Court has diversity jurisdiction over this action because the amount in controversy exceeds the jurisdictional minimum of $75,000. Plaintiff's MTR is therefore **DENIED**.

**IT IS SO ORDERED**.

---

[3] Accordingly, the Court **DENIES as moot** Defendant's Request for Judicial Notice of certain jury verdicts relating to front pay (that is, economic damages after the date of trial) and emotional distress damages awards. Plaintiff's Request for Judicial Notice, which merely requests that the Court take notice of case law, is also **DENIED as moot**.